**Charles E. TAYLOR, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 26, 1972.

Charles E. Taylor, pro se.

John B. Breckinridge, Atty. Gen., John M. Famularo, Asst. Atty. Gen., Frankfort, for appellee.

GARDNER, Commissioner.

This is an appeal from an order overruling appellant's motion to vacate the judgment convicting him on several counts of possession and sale of narcotics and fixing his punishment at a total of 30 years in the reformatory. We affirm.

In his petition and motion to vacate the judgment appellant alleged that (1) he had ineffective counsel in that his counsel did not properly prepare the case and his counsel entered a plea of guilty for him against the wishes of appellant, (2) he was not advised as to the consequences of his plea of guilty, and (3) he was denied a jury trial. There was no evidentiary hearing. The court sustained the motion of the Commonwealth to dismiss the petition to vacate the judgment without stating reasons for its ruling.

At the original trial the following colloquy between appellant and the judge occurred:

"BY THE COURT: Your name is Charles Edward Taylor?

DEFENDANT: Yes, sir.

BY THE COURT: You are represented by Mr. Guy Shearer, Attorney at law, and are you satisfied with the advice of your counsel?

DEFENDANT: Yes.

BY THE COURT: Do you feel that he has protected your constitutional rights?

DEFENDANT: Yes, sir.

BY THE COURT: Are you under the influence of any drugs or narcotics or intoxicated today?

DEFENDANT: Not now.

BY THE COURT: Do you understand the charges against you, that you are charged with possession of narcotics on four different occasions and the sale of narcotics on four different occasions and that the penalty could be as much as 20 years and $20,000 on these charges?

DEFENDANT: Yes.

BY THE COURT: Do you understand that you have been indicted by the Grand Jury on the charge of Grand Larceny and the penalty for that is up to 5 years?

DEFENDANT: Yes, sir.

BY THE COURT: Do you desire the jury to try you?

DEFENDANT: No, sir.

BY THE COURT: The jury is here and ready to try this case if you want a jury trial.

DEFENDANT: No, sir.

BY THE COURT: You waive a trial by jury?

DEFENDANT: Yes, sir.

BY THE COURT: I understand that you wish to change your plea from not guilty to guilty. Is that correct?

DEFENDANT: Yes, sir.

BY THE COURT: I am going to permit you to change your plea and you are now pleading guilty to 4 counts of Illegal Possession of Narcotics, 4 counts of Illegal Sale of Narcotics and 2 counts of Grand Larceny. What is the recommendation in these cases?"

Recommendation of punishment was then made by the Commonwealth's Attorney and judgment was pronounced.

It is argued by appellant that when the court sustained the Commonwealth's motion to dismiss the petition on the ground that the petition did not state facts sufficient to authorize the setting aside of the judgment the court was obviously in error. Although the court merely sustained the motion to dismiss and the motion stated as the ground for dismissal that there were not sufficient facts stated in the petition, it cannot be said necessarily that that was the reason for dismissal. Regardless of the reason for dismissal, we believe the record itself refutes the grounds stated in the petition and the court's ruling was correct.

The judgment is affirmed.

All concur.